UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GREGORY ALLEN BLACHLY | ) | CASE NO. 14-06203-JMC-7A |
| | ) | |
| DEBTOR. | ) | |

### MOTION TO SELL INTEREST IN BLACHLY FARM, LLC PURSUANT TO BANKRUPTCY CODE SECTION 363 AND NOTICE OF OBJECTION DEADLINE

Jenice Golson-Dunlap, Trustee herein for the Bankruptcy Estate of Debtor, Gregory Allen Blachly ("Debtor"), by counsel, pursuant to Sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002 and 6004, and S.D. Ind. B-6004-1, respectfully requests the Court enter an Order permitting the Trustee to sell the Debtor's interest in Blachly Farm, LLC ("Blachly Farm") on the following grounds:

### I.  PARTIES, JURISDICTION AND VENUE

1. The Debtor filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on July 1, 2014 (the "Petition Date").  The Trustee is the duly appointed and acting trustee of the bankruptcy estate ("the Estate").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

3. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.  BACKGROUND FACTS

4. Among the assets of the Estate is the Debtor's interest in Blachly Farm, which owns farm ground and rental property.

5. On the Petition Date, the Debtor had a 2.86% interest in Blachly Farm, consisting of 286 B units ("Asset").  The Asset is property of the Bankruptcy Estate pursuant to Bankruptcy Code Section 541.

6. Debtor's family has offered to purchase the Asset for the price of $4,000.00, subject to approval of the sale by the bankruptcy court.  True and correct copies of the proposed purchase agreement and assignment of interest documents between the parties are attached collectively hereto as Exhibit "A." The Trustee has reviewed the 2014 transactions and the assets of Blachly Farm and conducted due diligence as to its value, and represents to the Court that the value being obtained by the estate is fair market value for the minority non-controlling interest, and such sale should be approved by the Court.  That no other sale would produce any more funds.

### III.  RELIEF REQUESTED

7. The Trustee respectfully requests the Court enter an Order granting the Trustee the following relief:

(a) Authorizing the Trustee to sell the estate's interest in the Asset for the sum of $4,000.00 outside the ordinary course of business pursuant to 11 U.S.C. § 363(b), and free and clear of any liens, encumbrances or other interests in the Asset pursuant to 11 U.S.C. § 363(f);

(b) Authorizing the Trustee to execute any and all documents as are necessary to complete the sale; and

(c) Granting the Trustee all other just and proper relief.

### IV. GROUNDS FOR RELIEF

8. §363(b) of the Bankruptcy Code provides that "the Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, *property of the estate* . . ." (Emphasis added).

9. In turn, §541(a)(1) of the Bankruptcy Code provides that "property of the estate includes "all legal or equitable interests of a debtor in property as of the commencement of the case," excluding only those interests specified in §541(b) and (c)(2). This is broadly construed and includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative and derivative." *See Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Pursuant to Bankruptcy Code Sections 323 and 704, a trustee serves as representative of a debtor's estate, with the duty to collect and reduce to money all property of the estate.

10. Pursuant to §363(f) of the Bankruptcy Code, a trustee may sell an asset free of any interest in such asset if any one of five (5) conditions are met, including (a) if such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, or (b) if such interest is subject to a "bona fide dispute." No liens or other interests have been disclosed to the Trustee, and the Trustee does not believe any exist. Nevertheless, out of an abundance of caution and as an accommodation to the prospective purchaser, the Trustee seeks an Order that permits sale of Debtor's interest in the Asset, free and clear of any other interest, with any later-discovered interest to attach to the proceeds of the sale.

11. The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *See In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is the Court's finding that a good business reason exists for the sale. *See Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). However, the paramount goal in any proposed sale is to maximize the proceeds received by the estate. *See e.g., In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand.").

12. Under Rule 6004, "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1). A large measure of discretion is accorded a bankruptcy court in deciding whether a private sale of a debtor's assets should be approved. *See Matter of Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) (citing *In re Blue Coal Corp.*, 168 B.R. 553, 564 (M.D. Pa. 1994)). Furthermore, evidence that a transaction involving estate property under Section 363 will be at fair market value permits the conclusion that the transaction is in the best interest of the estate. *See In re Planned Sys., Inc.*, 82 B.R. 919, 923 (Bankr. S.D. Ohio 1988) (finding sufficient evidence of fair market value and adequate exposure where property was listed with a broker since the prior year).

13. The authorization sought by the Trustee meets the required elements of sound business

judgment.  There is a limited market for the Assets and the sale price is around what the Estate would expect to net at a public sale.  Accordingly, the sale of the Asset to Debtor's family is in the best interests of the estate, as it will quickly convert Debtor's non-exempt asset to cash that can be distributed.

NOTICE IS GIVEN that any objection must be filed with the Bankruptcy Clerk within **21 days** from the date of service [or such other time period as may be permitted by pursuant to Fed.R. Bankr.P. 9006(f)].  Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

<u>Indianapolis</u>
116 U.S. Courthouse
46 E. Ohio Street
Indianapolis, IN 46204

The objecting party must ensure delivery of the objection to the trustee.  **If an objection is NOT timely filed, the requested relief may be granted.**

**WHEREFORE**, Trustee Jenice Golson-Dunlap respectfully requests the Court enter an Order:

(A) Authorizing the Trustee to sell the Asset to Debtor's family (1) for the sum of $4,000.00 outside the ordinary course of business pursuant to 11 U.S.C. § 363(b), and free and clear of any liens, encumbrances or other interests in the Asset, pursuant to 11 U.S.C. § 363(f); and (2) Debtor's waiver of any claims it may have against the Estate;

(B) Authorizing the Trustee to execute any and all documents as are necessary to complete the sale; and

(C) Granting the Trustee all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Attorneys for Trustee

By: /s/ James T. Young
James T. Young, Atty. No. 13834-71
RUBIN & LEVIN, P.C.
342 Massachusetts Avenue, Ste. 500
Indianapolis, IN  46204
(317) 634-0300; FAX (317) 453-8613
james@rubin-levin.net

3

## CERTIFICATE OF SERVICE

    I hereby certify that on February 27, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Jenice Golson-Dunlap, Trustee | trusteedunlap@aol.com |
| Elliott D. Levin | robin@rubin-levin.net |
| Mark S. Zuckerberg | filings@mszlaw.com |

    I further certify that on February 27, 2015, a copy of the foregoing document was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

See Exhibit "B" attached.

| | |
|---|---|
| David Blachly | Dblachly@dblaw.us |

/s/ James T. Young
James T. Young

JTY/kc
G:\WP80\TRUSTEE\Golson-Dunlap\Blachly, Gregory - 86008101\Motion to Sell Interest.wpd